**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 19 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TIMOTHY SHAWN JEYS,

    Plaintiff-Appellant,

v.

ENERGY WEST MINING COMPANY; TIFFANY R. LEONE; LESLIE M. DIMITMAN; KAREN L. KOREVAAR; JILL M. POHLMAN; PAMELA L. JACKLIN; JAMES A. HOLTKAMP; MARY JANE BERG; JAIME M. SANDERS; WAYNE JENSEN; CHERI HUNSINGER; BARBARA PROCARIONE; JOAN COOK; CARBON CREDIT UNION; TRESSIE R. JONES; PAUL JAMES TOSCANO,

    Defendants-Appellees.

No. 97-4107
(D.C. No. 97-CV-170)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Mr. Jeys is a pro se litigator who appeals the dismissal of his complaint for failure to state a cause of action. We review *de novo* a district court's dismissal of an action for failure to state a claim and "uphold a dismissal under Fed. R. Civ. P. 12(b)(6) only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true." *Yoder v. Honeywell, Inc.*, 104 F.3d 1215, 1224 (10th Cir.), *cert. denied*, 118 S. Ct. 55 (1997). As the district court's action was correct, we affirm.

Mr. Jeys' complaint violates every known rule of pleading. We attach a copy of pages 2 and 3 of this complaint, which provide a chart listing the "acts of negligence and injury" of which he complains. The complaint then sets forth, as to each of the numerous defendants, the following:

> Without due process of the law, Without equal protection of the law, Without a warrant (U.S. Const. Amend. IV), plaintiff was injured pursuant to: Knowledge of the law (43 U.S.C. § 1986), discovery of the law (Fed. R. Civ. P. Rule 26(e)), constructive fraud/condition of the mind (Fed. R. Civ. P. 9 (b)), Neglect (42 U.S.C. § 1986) to protect plaintiff's peace, dignity, constitutional and civil rights, and the following acts of negligence and injury from the above chart [here Mr. Jeys sets forth various numbers from his chart shown in the

attachment] By Defendant ...."

Defendants thereupon filed a written motion to dismiss the complaint for failure to state a claim and the district court entered its order sustaining these motions. We attach a copy of the district court's order.

Mr. Jeys appeals this order. Mr. Jeys' first asserts he was not allowed "to conduct proper discovery and to conduct a hearing regarding respondent's claim." He argues "Pursuant to the 'Whole Truth Disclosure Doctrine' petitioner is entitle[d] to full disclosure." He next argues the trial court "knew that by dismissing the petitioner's case, petitioner's right to due process would be violated[,] ... [t]hereby causing the petitioner further injury."

Mr. Jeys' arguments are not persuasive. The trial court dismissed the complaint for failure to state a claim. Mr. Jeys ignores his obligation to set forth a short and plain statement of the claim showing he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Giving Mr. Jeys' complaint the benefit of a liberal construction, as we must, the complaint still fails to state a claim upon which relief can be granted because it does not set forth any facts in support of its legal conclusions. Additionally, Mr. Jeys is not entitled to discovery without first making a proper showing he is entitled to discovery.

The order of the district court is **AFFIRMED** for substantially the same reasons as set forth therein.

Some of the Appellees have requested damages and double costs as a sanction for a frivolous appeal. We deny these requests; however, Mr. Jeys is advised that any further such pleadings may well result in sanctions being imposed.

The mandate shall issue forthwith.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge